UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BENJAMIN A. WALDRON

    Plaintiff,

v.

CACH, LLC & RATCHFORD LAW
GROUP, P.C.

    Defendants.

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote and passed the Fair Debt Collection Practices Act to eliminate abusive debt collections practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. This action arises out of Defendants' illegal efforts to collect a consumer debt from Plaintiff in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and/or the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2, as further described herein.

## JURISDICTION & VENUE

3. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and/or 1337 because this case arises under the laws of the United States and is brought pursuant to the FDCPA, 15 U.S.C. § 1692, *et seq*.

4. Venue is proper in this Court because, pursuant to 28 U.S.C. § 1391(b), a substantial portion of the acts giving rise to this action occurred within the Commonwealth of Massachusetts.

## PARTIES

5. Plaintiff Benjamin Waldron ("Mr. Waldron" or "Plaintiff") is a natural person currently residing in New Hampshire.

6. Defendant CACH, LLC ("CACH") is a foreign limited liability company organized under the laws of the State of Colorado, and with a principal office located in Nevada.

7. The principal purpose of CACH's business is the collection of debts.

8. CACH uses at least one instrumentality of interstate commerce or the mails in its business.

9. CACH regularly collects or attempts to collect, directly or indirectly, debts owed or due (or asserted to be owed or due) another.

10. CACH is a "debt collector" as that term is defined in § 1692a(6) of the FDCPA.

11. Defendant Ratchford Law Group ("Ratchford") is a foreign corporation organized under the laws of the State of Pennsylvania, and with a principal office located in Pennsylvania

12. The principal purpose of Ratchford's business is the collection of debts.

13. Ratchford uses at least one instrumentality of interstate commerce or the mails in its business.

14. Ratchford regularly collects or attempts to collect, directly or indirectly, debts owed or due (or asserted to be owed or due) another.

15. Ratchford is a "debt collector" as that term is defined in § 1692a of the FDCPA.

16. The acts and/or omissions of Ratchford were committed within the time and space limits of its agency relationship with its principal, CACH. These acts and/or omissions were incidental to, or of the same general nature as, the responsibilities Ratchford was authorized to perform by CACH in collecting consumer debts. By committing these acts and/or omissions against Plaintiff, Ratchford was motivated to benefit its principal, CACH. Accordingly, CACH is liable to Plaintiff through, among other things, the Doctrine of Respondeat Superior for Ratchford's acts and/or omissions in violation of state and/or federal consumer protection law(s).

17. Mr. Waldron suffered an injury in fact that is traceable to the acts and/or omissions of Defendants, which is likely to be redressed by a favorable decision in this matter.

## COMMON FACTS

18. On or about April 28, 2008, the Greenfield District Court entered a judgement against Mr. Waldron and in favor of CACH in the amount of $3,666.93 (the "Judgment").

19. The debt Mr. Waldron owed to CACH and incorporated into the judgment was incurred for personal, family, or household purposes.

20. The debt Mr. Waldron owed to CACH and incorporated into the judgment was incurred for consumer purposes.

21. The debt Mr. Waldron owed to CACH and incorporated into the judgment was not incurred for business purposes.

22. Upon information and belief, at some point thereafter CACH retained Ratchford as a third-party debt collector on this account.

23. On or about July 9, 2020, CACH filed a lawsuit against Mr. Waldron with the Woburn District Court, identified as C.A. No. 2053 CV 0245. (**Exhibit A**).

24. Upon information and belief, this lawsuit was filed for the purpose of attempting to obtain a wage garnishment by trustee process, in order to collect payment upon the Judgment.

25. CACH filed this lawsuit through its counsel, Ratchford.

26. CACH alleged that the balance then owed on the judgment was $7,278.95.

27. Among other things, CACH also alleged in its complaint that Mr. Waldron then resided at 273 Cambridge Road, Apt. 501, Woburn, MA 01801 (the "Woburn Address"). (Ex. A, ¶ 2).

28. As of the date this lawsuit was filed, Mr. Waldron did in fact live at the Woburn Address.

29. On or about November 16, 2020, a return of service was filed stating that Mr. Waldron was purportedly served with notice of the case on October 28, 2020 at 11 Old Colony Lane, Apartment 4, Arlington, Massachusetts (the "Arlington Address"). (**Exhibit B**).

30. The return of service stated that documents were left for Mr. Waldron at the Arlington Address, and also mailed to him at the Arlington Address.

31. On or about December 2, 2020, though, the Middlesex Sheriff's Office notified Defendants in writing that the mail to Mr. Waldron at the Arlington address had been returned as undeliverable. Among other things, this notice explicitly stated that "service made upon the

defendant is no longer good service." (**Exhibit C**). A copy of this written notice was entered on the docket in the wage garnishment action. (**Exhibit D**).

32. As a result, CACH had notice that the Arlington Address was not Mr. Waldron's address as of at least December 2, 2020.

33. On or about February 17, 2021, CACH filed a Motion for Approval of Attachment of Wages by Trustee Process and a Motion for Successive Alternate Service in the wage garnishment action (collectively, **Exhibit E**).

34. In support of its motions, CACH filed a copy of a certified mail envelope addressed to Mr. Waldron at the Arlington Address, dated February 10, 2021. (Id.)

35. USPS records confirm that the certified mail was never delivered to Mr. Waldron. (**Exhibit F**).

36. On or about August 5, 2021, the Woburn District Court scheduled a hearing on CACH's motions and sent notice of the hearing both to CACH and Mr. Waldron.

37. Upon information and belief, the Woburn District Court mailed notice of the hearing to Mr. Waldon at the Woburn Address.

38. Prior to August 5, 2021, Mr. Waldron moved from the Woburn Address to his current residence in New Hampshire. As a result of this move, Mr. Waldron had established a mail forwarding service through the U.S. Postal Service.

39. Due to the forwarding service he had established, in August 2021 Mr. Waldron received at his current New Hampshire residence notice of a hearing scheduled on CACH's Motion for Approval of Attachment of Wages by Trustee Process and a Motion for Successive Alternate Service.

40. Upon receipt of notice of this hearing Mr. Waldron was dumbfounded, as he had no prior knowledge of any action involving him in the Woburn District Court. Mr. Waldron suffered emotional distress and/or an invasion of his personal privacy due to this notice, including but not limited to anger, anxiety, emotional distress, fear, frustration, embarrassment, distraction, and inconvenience. He reasonably believed that Defendants were attempting to garnish his wages without providing him due process.

41. Mr. Waldron retained counsel to defend himself in the matter, at a cost of $1,000.00.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (CACH & Ratchford)

42. The preceding actions are incorporated herein by reference.

43. Prior to seeking an attachment of wages by trustee process, and subject to exceptions not relevant here, Massachusetts Law requires that a judgment creditor provide ten days' advance written notice to a judgment debtor. Specifically:

> Application to said justice, associate justice or special justice of the court for permission for said attachment shall be made only after ten days' written notice has been delivered or sent by registered mail, return receipt requested, to the defendant at his last known address, place of business or employment. Such notice shall contain the name of the plaintiff, the name of the court in which the action is to be commenced, the nature of the claim, the time and place such application will be made, and shall inform the defendant that he is entitled to be present and be heard at said time and place if he objects to the granting of said application.

G.L. ch. 246, § 32 (eighth clause).

44. Here, in support of the request to attach Mr. Waldron's wages by trustee process, Defendants filed a copy of a certified mail envelope addressed to Mr. Waldron at the Arlington Address, dated February 10, 2021. (Ex.)

45. This purported notice was insufficient under G.L. c. 246, § 32 for two reasons.

46. First, G. L. c. 246, § 32 explicitly requires ten days' notice. Here, Defendants mailed this purported notice to Mr. Waldron on February 10, 2021, but yet filed a motion to attache wages by trustee process only seven days later, on February 17, 2021.

47. Second, Defendants mailed this purported notice to Mr. Waldon at the Arlington address after the Middlesex Sheriff's Office had already notified Defendants and the Woburn District Court in writing that the Arlington address was insufficient.

48. Pursuant to 15 U.S.C. §1692e(5), CACH and Ratchford were prohibited from taking or threatening to take any action that cannot be legally taken.

49. Pursuant to 15 U.S.C. § 1692f, CACH and Ratchford were prohibited from using any unfair or unconscionable means to collect or attempt to collect a debt. Section 1692f prohibits any conduct that falls within this broad language. *Stagikas* v. *Saxon Mortgage Servs., Inc.*, 795 F. Supp. 2d 129, 138 (D. Mass. 2011)

50. Mr. Waldron contends that Defendants violated §§ 1692e(5) and/or 1692f by: (1) purportedly sending him notice pursuant to G.L. c. 246, § 32 at an address that the Middlesex Sheriff's Office had already notified Defendants in writing was insufficient and/or (2) failing to provide Mr. Waldon the statutorily required ten days' notice. *Lewis v. Asset Acceptance, LLC*, D. Or., No. 3:11-CV-1546-PK (Apr. 6, 2012), *available at* 2012 WL 1801987 (Denying debt collector's motion to dismiss cause of action under FDCPA where consumer debtor plaintiff

alleged that debt collector sent required state law notice of wage garnishment to an address that they knew or should have known was incorrect.).

51. Mr. Waldron suffered economic damages due to Defendants' wrongful actions, including but not limited to costs and attorney's fees.

52. Mr. Waldron also suffered non-economic damages due to Defendants' wrongful actions, including but not limited to emotional distress and/or an invasion of his personal privacy, including but not limited to anger, anxiety, emotional distress, fear, frustration, embarrassment, distraction, and inconvenience.

## COUNT II
### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
### G.L. c. 93A, § 2
### (CACH & Ratchford)

53. The preceding allegations are incorporated by reference.

54. CACH is engaged in trade or commerce in Massachusetts.

55. Ratchford is engaged in trade or commerce in Massachusetts.

56. Pursuant to G.L. c. 93A, § 2(a), Defendants are prohibited from engaging in unfair or deceptive acts or practices in the conduct of any trade or commerce.

57. Although the terms "unfair" and "deceptive" are not defined in the statute, courts have typically found a practice to be unfair if it is "(1) within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers." *PMP Associates, Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596, 321 N.E.2d. 915, 917 (1975). Furthermore, "an act or practice is deceptive if it possesses a tendency to deceive. In determining whether an act or practice is deceptive, regard must be had, not to fine

spun distinctions and arguments that may be made in excuse, but to the effect which it might reasonably be expected to have upon the general public." *Leardi v. Brown*, 394 Mass. 151, 156, 474 N.E.2d 1094, 1099 (1985).

58. Mr. Waldron contends that Defendants violated G.L. c. 93A, § 2 by: (1) purportedly sending him notice pursuant to G.L. c. 246, § 32 at an address that the Middlesex Sheriff's Office had already notified Defendants in writing was insufficient and/or (2) failing to provide Mr. Waldon the statutorily required ten days' notice. *Lewis v. Asset Acceptance, LLC*, D. Or., No. 3:11-CV-1546-PK (Apr. 6, 2012), *available at* 2012 WL 1801987 (Denying debt collector's motion to dismiss cause of action under FDCPA where consumer debtor plaintiff alleged that debt collector sent required state law notice of wage garnishment to an address that they knew or should have known was incorrect.).

59. Mr. Waldon further contends that such actions constitute a *per se* violation of the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2, pursuant to 940 C.M.R. § 7.04(1)(b)(3) and/or 209 C.M.R. § 18.18(5).

60. Mr. Waldron also contends that such actions constitute a *per se* violation of the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2, because they violated the Fair Debt Collection Practices Act and the Fair Trade Commission Act. 15 U.S.C. § 1692l. *See also McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 775 F.3d 109 (1st Cir. 2014).

61. Defendants knowingly and/or willfully violated G.L. c. 93A, § 2.

62. On or about January 3, 2022, Mr. Waldron served CACH with a demand letter pursuant to G.L. c. 93A, § 9. Among other things, the letter identified the claimants, reasonably described the unfair or deceptive act or practice, and reasonably described the injuries suffered.

63. In response, CACH failed to make a reasonable settlement offer.

64. On or about January 3, 2022, Mr. Waldron served Ratchford with a demand letter pursuant to G.L. c. 93A, § 9. Among other things, the letter identified the claimants, reasonably described the unfair or deceptive act or practice, and reasonably described the injuries suffered.

65. In response, Ratchford failed to make a reasonable settlement offer.

66. Mr. Waldron suffered economic damages due to Defendants' wrongful actions, including but not limited to costs and attorney's fees.

67. Mr. Waldron also suffered non-economic damages due to Defendants' wrongful actions, including but not limited to emotional distress and/or an invasion of his personal privacy, including but not limited to anger, anxiety, emotional distress, fear, frustration, embarrassment, distraction, and inconvenience.

## REQUEST FOR RELIEF

WHEREFORE, Mr. Waldron requests that the Court issue judgment in his favor and against Defendants as well as the following relief:

A. Judgment that CACH violated the Fair Debt Collection Practices Act;

B. Judgment that Ratchford violated the Fair Debt Collection Practices Act;

C. Actual and compensatory damages;

D. Treble damages;

E. Statutory damages;

F. Costs and attorney's fees; and

G. All other relief to which he is entitled at law or equity.

**JURY DEMAND**

Mr. Waldron demands a trial by jury on all issues so triable.

        Respectfully submitted,

        <u>*/s/ Christopher M. Brine*</u>
        Christopher M. Brine (BBO 679289)
        Brine Consumer Law
        100 Grove Street, Suite 116
        Worcester, MA 01605
        P – (508) 556-1899
        F – (508) 556-9951
        cmb@brineconsumerlaw.com